**In re the Marriage of Debra L. PRYOR, Appellant–Respondent,**

v.

**John H. PRYOR, Appellee–Petitioner.**

No. 62A01–9806–CV–226.

Court of Appeals of Indiana.

July 29, 1999.

Publication Ordered Aug. 4, 1999.

Sean C. Lemieux, Indiana Civil Liberties Union, Indianapolis, Indiana, Attorney for Appellant.

Michael H. Hagedorn, Tell City, Indiana, Attorney for Appellee.

## OPINION

RILEY, Judge

On April 29, 1999, this court rendered a decision retaining jurisdiction in this case and ordered the Perry Circuit Court to conduct a jurisdictional inquiry pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA) and to report to this court the results of that inquiry within thirty days. *Pryor v. Pryor*, 709 N.E.2d 374 (Ind.Ct.App.1999).

On May 14, 1999, the Perry Circuit Court held a hearing to determine whether Indiana or Kentucky had jurisdiction or whether Kentucky declined its jurisdiction. On May 21, 1999, the Perry Circuit Court rendered its "Report and Order" finding that:

1. The Ohio Circuit Court, Commonwealth of Kentucky, in Civil Action no. 98–CI–0057 has stayed its proceedings under Kentucky's version of the [UCCJA], and has declined to accept jurisdiction to determine custody of [A.]. The order of the Ohio Circuit Court was entered on May 6, 1999 [1] [sic], prior to the Perry Circuit Court conducting a final hearing in this case.

2. The Ohio Circuit Court has not conducted any proceedings in Civil Action no. 98–CI–0057, since the entry of Petitioner's Exhibit A, the Findings of Fact, Conclusions of Law and Judgment on May 6, 1999[sic].

3. The Respondent, Debra L. Pryor, did not take an appeal of the May 6, 1998 Order of the Ohio Circuit Court.

---

1. The actual date is May 6, 1998, however, the Perry Circuit Court misstates the date as May 6, 1999 in its "Report and Order."

4. The Ohio Circuit Court declined jurisdiction prior to this Court conducting the final hearing in the referenced case.

(Report and Order 2, May 21, 1999).

■ We agree with the Perry Circuit Court and find that its "Report and Order" sufficiently establishes jurisdiction in Indiana. Based on this finding, we must next look at the record before us to determine if the evidence is sufficient to support the trial court's custody determination awarding John Pryor custody of A. Specifically, we must look to the judgment to see if the trial court's reasoning was in accordance with the best interests of the child. Ind. Code § 31–17–2–8.

■ A child custody determination falls within the sound discretion of the trial court and such a determination will not be disturbed on appeal absent an abuse of discretion. Appellate courts are reluctant to reverse a trial court's determination concerning child custody unless the determination is clearly erroneous and contrary to the logic and effect of the evidence. *Guardianship of R.B., Matter of,* 619 N.E.2d 952, 955 (Ind.Ct. App.1993). Furthermore, as we stated in *D.H. v. J.H.,* "homosexuality standing alone without evidence of any adverse effect upon the welfare of the child does not render the homosexual parent unfit as a matter of law to have custody of the child." 418 N.E.2d 286, 293 (Ind.Ct.App.1981). In the present case, there was no evidence presented of any homosexual activity by Debra in the presence of A., and no evidence of any adverse effect upon A.'s welfare as a result of Debra's homosexuality. While conflicting evidence was presented, a review of the record reveals inadequate support for the decision of the trial court that it was in A.'s best interest to be in John Pryor's custody. In fact, the only evidence presented regarding Debra's unfitness as the custodial parent was that she lived in a mobile home with another woman and A., and that Debra had a previous homosexual relationship. However, without evidence of behavior having an adverse effect upon A., we find that the trial court had no basis upon which to find Debra unfit as the custodial parent. Based on this evidence alone, we cannot agree with the trial court's decision to grant John custody of A.

■ Therefore, we remand this case to the Perry Circuit Court to hold a hearing to determine the custody of A. However, pending the Perry Circuit Court's custody determination we will not modify the custody order previously rendered by that court. The trial court must hold a hearing to determine A.'s best interests by allowing Debra an opportunity to offer evidence as to her fitness as the custodial parent and for John to supply the court with further evidence of his fitness as the custodial parent rather than merely attacking Debra's homosexual orientation.

We remand with instructions but do not retain jurisdiction.

MATTINGLY, J., and SULLIVAN, J. concur

### ORDER

This Court having heretofore handed down its Opinion in this cause of July 29, 1999, marked Memorandum Decision, Not for Publication; and

Comes now the Court on its own motion and determines that this case previously handed down as a Memorandum Decision should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. This Court's Opinion heretofore handed down in this cause on July 29, 1999, marked Memorandum Decision, Not for Publication, is now ordered published.